
### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CAMPION<br>613 Sherrie Road<br>Philadelphia, PA 19115 | :<br>:<br>: |
| | :     CIVIL ACTION |
| Plaintiff, | :<br>:     CASE NO.: |
| v. | :<br>: |
| CITY OF PHILADELPHIA<br>515 Arch St. 17th Floor<br>Philadelphia, PA 19102 | :<br>:     **JURY TRIAL DEMANDED**<br>:<br>: |
| Defendant. | :<br>: |

### CIVIL ACTION COMPLAINT

Thomas Campion (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Plaintiff to redress violations by the City of Philadelphia, (hereinafter referred to as "Defendant") for violations of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADEA. Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under the ADEA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant, the City of Philadelphia, is the largest city in the state of Pennsylvania. At all relevant times herein, Plaintiff worked in the Archives Department, which is charged with enforcing Defendant's codes for the safe and lawful construction and use of buildings.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is 63 years old.

12. Plaintiff was hired to work for Defendant on or about August 14, 2020, as a Supervisor of Archives under the Register of Wills.

13. Plaintiff was initially hired by Charmaine Collins (Deputy of Human Resources – hereinafter "Collins") and performed in the position of Supervisor of Archives until in or about July of 2022.

14. During his employment with Defendant, Plaintiff was a very hard-working and dedicated employee who was not subjected to a history of progressive discipline.

15. Plaintiff performed his job well as he was conversational in Spanish and was able to assist with a wide variety of people.

16. During Plaintiff's employment, he worked under several supervisors including but not limited to Patrick Parkinson (Administrative Deputy – hereinafter "Parkinson") and Rasheen Crews (Deputy – hereinafter "Crews").

17. Plaintiff also began to work under the supervision of Tracey Gordon (Register of Wills – hereinafter "Gordon") in early 2020 after she was elected and became the overseer of (and as) the Register of Wills (in Plaintiff's department) until his unlawful termination on or about July 25, 2022.

18. Despite Plaintiff's experience, credentials (relative to his work with and for Defendant), dedication, and strong work ethic, Gordon had significant problems with Plaintiff's age.

19. It was clear to Plaintiff based on his observations and personal experiences that Gordon preferred a younger workforce.

20. Under Gordon's management, there were significant problems and an immense pressure forcing employees to donate to her campaign needs, and she cultivated an environment that was discriminatory and retaliatory.

21. For example, but not intending to be an exhaustive list:

   a. Gordon required Plaintiff and his colleagues, including Nick Barone (Clerk - hereinafter "Barone") and Mark Wilson (Clerk - hereinafter "Wilson") to have approximately an 100% participation in fundraisers for her campaign;

   b. Gordon screamed at Plaintiff on several occasions to donate to her campaign; and

   c. Gordon ordered Plaintiff on several occasions to use his supervisory position to require other employees to donate to her campaign.

22. Upon information and belief, Barone and Wilson were terminated in close proximity to their refusal to contribute to Gordon's campaign.

23. During Plaintiff's employment (and towards the timeframe of his termination) Gordon had made numerous comments in reference to Plaintiff's age.

24. For example, but not intending to be an exhaustive list:

    a. Gordon would tell Plaintiff not to use the ladder "at his age;"

    b. Gordon asked Plaintiff when he planned to retire;

    c. Gordon inquired if Plaintiff felt up to the job (referencing Plaintiff being in his 60s); and

    d. Gordon had an unwavering perception that Plaintiff moved slower than others just because he was older.

25. Plaintiff estimates that Gordon made *at least* six (6) comments regarding Plaintiff's age <u>in his presence alone</u>, most recently in his last one – one and a half months of his employment.

26. In addition to discriminatory perceptions and comments based on Plaintiff's age in his presence or to Plaintiff directly, Plaintiff heard from his colleagues within Defendant that Plaintiff's age was being talked about by Defendant's management including Gordon.

27. Furthermore, unlike Plaintiff's younger co-workers, Gordon was unnecessarily harsh to Plaintiff and continually less pleasant and cold towards him.

28. Plaintiff strongly feels that Gordon was pushing out the older employees and disliked Plaintiff based upon his age.

29. Gordon's treatment of Plaintiff alone gave such perception (discussed in Paragraph 28); but combined with her continual references about Plaintiff being old or as to Plaintiff's age, further confirmed Plaintiff's perception.

30. As a result of the aforementioned instances of discrimination, Plaintiff made several complaints to various levels of Defendant's management hierarchy, including directly to Gordon and Collins. Such complaints made by Plaintiff included, but were not limited to: (1) complaining that Gordon was trying to push him out because of his age; (2) complaining that Gordon was engaging in age discrimination; (3) complaining that he was being mistreated because of his age; and (4) stating that he felt that the aforesaid comments about his age (made by Gordon) were discriminatory.

31. Plaintiff more adamantly expressed his concerns of age discrimination to Defendant's management during his last three months of employment (although he made his concerns known previously).

32. Plaintiff's termination was in close temporal proximity to his most recent complaints of age discrimination, creating an inference of retaliation.

33. As a result of Plaintiff's escalations and complaints of age discrimination (particularly towards the end of his employment), Gordon became overwhelmingly hostile towards Plaintiff.

34. For example, without being given much information and as a clear attempt to try to push Plaintiff out of his employment with Defendant because of his age and/or in retaliation for complaining of age discrimination, Gordon moved Plaintiff to the Marriage License Department for the last few weeks of his employment.

35. The position that Plaintiff was forced to perform within the Marriage License Department (discussed *supra*) was a much less desirable role than his prior supervisory position, and Plaintiff avers that this transfer was a demotion with a potential pay reduction.

36. Despite his aforesaid demotion, Plaintiff continued to be a good employee for Defendant and had no intention to leave his employment with Defendant and anticipated continuing to work for Defendant notwithstanding the discriminatory/retaliatory abuse, demotion, and potential pay cut (which had not yet been discussed with Plaintiff).

37. However, effective on or about July 25, 2022, Plaintiff was terminated by Defendant.

38. Plaintiff was not informed why he was being terminated and was given no meaningful information or opportunity to respond to any alleged bases for termination.

39. Plaintiff believes and therefore avers that he was terminated from his employment because of his advanced age and/or because of his ongoing complaints of age discrimination.

## COUNT I
### Violation of the Age Discrimination in Employment Act ("ADEA")
([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was subjected to a hostile work environment while under the supervision of Gordon because of his advanced age through disparate treatment, pretextual adverse actions, and discriminatory comments regarding this age.

42. Throughout his employment and more adamantly during the last three months of his employment with Defendant, Plaintiff complained to Defendant's management about the age discrimination that he was being subjected to on the basis of his age (discussed *supra*).

43. Instead of performing any meaningful investigation into his concerns of age discrimination and/or properly remedying the same, Plaintiff was subjected to retaliatory hostile work environment and demoted.

44. On or about August 1, 2022, shortly after Plaintiff started working in his aforesaid demoted role, he was terminated from his employment with Defendant for not logical or legitimate reason.

45. Plaintiff believes and therefore avers that he was demoted and then terminated from his employment with Defendant because of his age and/or his complaints of age discrimination.

46. These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 27, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Thomas Campion : CIVIL ACTION
v. :
:
City of Philadelphia : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 7/27/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 613 Sherrie Road, Philadelphia, PA 19115

Address of Defendant: 515 Arch Street, 17th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/27/2023      *Attorney-at-Law / Pro Se Plaintiff*      ARK2484 / 91538
                                                              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
   *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
   *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/27/2023      *Attorney-at-Law / Pro Se Plaintiff*      ARK2484 / 91538
                                                              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAMPION, THOMAS

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

CITY OF PHILADELPHIA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA, PHRA and PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7/27/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print | Save As... | Reset